**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4351

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GORDON RAY JONES, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:21-cr-00324-WO-1)

Submitted:  December 23, 2025                              Decided:  December 31, 2025

Before WILKINSON and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Eugene E. Lester, III, LESTER LAW, Greensboro, North Carolina, for Appellant. Julie Carol Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gordon Ray Jones, Jr., appeals the district court's judgment revoking his supervised release and sentencing him within his Sentencing Guidelines policy statement range to 24 months' imprisonment.  Jones's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Jones's sentence is procedurally and substantively reasonable.  Although notified of his right to do so, Jones has not filed a pro se supplemental brief.  The Government has declined to file a response brief.  We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020).  "[W]e will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Cohen*, 63 F.4th 250, 258 (4th Cir. 2023) (internal quotation marks omitted).  Before deciding "whether a revocation sentence is plainly unreasonable, [we] must first determine whether the sentence is procedurally or substantively unreasonable," *Patterson*, 957 F.3d at 436, evaluating "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences," *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (internal quotation marks omitted).  If a revocation sentence is both procedurally and substantively reasonable, we need not consider "whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Chapter Seven policy statement range [from the Guidelines] and the applicable [18 U.S.C.] § 3553(a) sentencing factors." *Id.* at 436; *see* 18 U.S.C. § 3583(e) (specifying applicable § 3553(a) factors). "[A]lthough the court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, it still must provide a statement of reasons for the sentence imposed." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) (alteration and internal quotation marks omitted).

"A [revocation] sentence is substantively reasonable if the totality of the circumstances indicates that the court had a proper basis for its conclusion that the defendant should receive the sentence imposed." *United States v. Amin*, 85 F.4th 727, 740 (4th Cir. 2023). A sentence within the policy statement range is presumed substantively reasonable. *Padgett,* 788 F.3d at 373.

Having reviewed the record, we are satisfied that Jones's 24-month sentence is procedurally reasonable. The district court properly calculated the policy statement range, adequately explained its chosen sentence in terms of the applicable § 3553(a) factors, and thoroughly addressed Jones's arguments for a lower sentence.

We also conclude that Jones cannot rebut the presumption of substantive reasonableness afforded to his within-policy-statement-range sentence. The district court properly emphasized that it had previously revoked Jones's supervised release for violations similar to those underlying the instant revocation and that the prison sentence imposed for that revocation had no deterrent effect on Jones. Indeed, the district court

3

observed that Jones again began violating the terms of his supervision almost immediately after he was released from prison on his first revocation sentence. Finally, the district court appropriately highlighted Jones's repeated breaches of the court's trust and the need to protect the public from Jones's unlawful conduct.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Jones, in writing, of the right to petition the Supreme Court of the United States for further review. If Jones requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jones.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*